UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LIONEL WHITE, | No. C 10-4555 SI (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| B. M. CASH, warden, | |
| Respondent. | |

Larry Lionel White, a prisoner at the California State Prison in Lancaster, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction in San Francisco County Superior Court of several counts of kidnapping and rape. Over the course of several months, he filed numerous documents to present and support his claims, and eventually filed a third amended petition. *See* Order On Initial Review, pp. 1-2. The court reviewed the third amended petition, found that it stated several cognizable claims, but also noted that there was an exhaustion problem as to several claims, *see id.* at 4-5. The court required White to choose what to do with the unexhausted claims. *See id.* at 4-7. White then chose to proceed with "option 1," which meant that he wanted to dismiss the unexhausted claims and go forward in this action with only the exhausted claims. *Id.* at 7; *see* docket # 15. Thereafter, White filed documents in which he argued that he had exhausted state court remedies for more claims than this court understood when it wrote the Order On Initial Review. In support of his argument that he had exhausted more claims, he presented his petition for review (*see* docket # 17), and excerpts of documents filed in the California Court of Appeal (*see* docket # 19).

It is not at all clear that White is correct in his assertion that he exhausted claims 3, 7 and 9, but he has sufficiently confused the record that the best course is for the court to vacate its determination that there is an exhaustion problem, to reject White's choice to dismiss the unexhausted claims, and to start over. The court therefore will order the third amended petition served on respondent and let respondent -- who has access to all the state court records – to choose how to proceed. Respondent may file an answer to all the cognizable claims identified at pages 2-4 of the Order On Initial Review or he may file a motion to dismiss for non-exhaustion or for any other procedural defect.

For the foregoing reasons,

1. The third amended petition states cognizable claims for habeas relief and warrants a response.

2. The clerk shall serve by certified mail a copy of this order, the Order On Initial Review, the third amended petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on petitioner.

3. Respondent must file and serve upon petitioner, on or before **September 2, 2011**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.   In the alternative, respondent may file a motion to dismiss the petition for non-exhaustion or any other procedural defect.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **October 7, 2011**. If respondent files a motion to dismiss, petitioner must file and serve his opposition by this deadline.

5. If respondent files a motion to dismiss, he must file and serve any reply brief no later than **October 24, 2011**.

2

6. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion.

7. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

DATED: June 21, 2011

_____
SUSAN ILLSTON
United States District Judge