UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY LIONEL WHITE,<br><br>    Petitioner,<br><br>  v.<br><br>B. M. CASH, warden,<br><br>    Respondent.<br>_____ / | No. C 10-4555 SI (pr)<br><br>**ORDER REQUIRING PETITIONER TO MAKE ELECTION REGARDING UNEXHAUSTED CLAIMS** |

## INTRODUCTION

Larry Lionel White, a prisoner at the California State Prison in Lancaster, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Eventually, he filed a third amended petition that stated several cognizable claims. Respondent has moved to dismiss on the ground that state court remedies were not been exhausted for some of the claims in the third amended petition. White opposed respondent's motion. For the reasons discussed below, the court finds that state court remedies were not exhausted for some claims and requires petitioner to choose how to deal with this problem. The court also will address petitioner's several miscellaneous motions.

## BACKGROUND

In this action, White challenges his 2008 conviction in San Francisco County Superior Court on several counts of kidnapping and rape for which he was sentenced to 50 years to life in prison. Before he filed this action, White had appealed his state court conviction. The judgment of conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court.

After filing this action, White filed a petition for writ of habeas corpus in the California Supreme Court. That petition was denied on August 10, 2011, shortly after respondent's motion to dismiss was filed in this court.

## DISCUSSION

A. <u>Respondent's Motion To Dismiss For Non-Exhaustion</u>

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c).

The third amended petition (docket # 11) is the operative pleading from petitioner. In the Order On Initial Review, the court dismissed some claims and determined that some other claims were cognizable.[1] The following claims are the cognizable claims, and are the claims as to which the court must determine whether the exhaustion requirement has been satisfied:

    Claim One: White's Fifth Amendment right against self-incrimination was violated when he was questioned by police inspector Kidd without first being given his *Miranda* rights.

    Claim Three and Claim Seven: White's right to be free from ex post facto laws was violated because he was prosecuted for offenses after the original limitations period for such prosecution expired.

    Claim Four: White was denied due process by the prosecutor's misconduct.

    Claim Five: White was denied his Sixth Amendment right to a speedy trial because he had to stay in jail for 2 years and 9 months awaiting trial.

    Claim Nine: White's right to due process was violated because the evidence was insufficient to support the kidnapping convictions in count 3 and 5.

---

[1] In the Order On Initial Review, the court dismissed Claim One (insofar as it alleged a Fifth Amendment violation based on DNA sampling), Claim Two, Claim Six and Claim Eight. The court will continue to use the same claim numbering system used in the its Order On Initial Review to avoid the confusion that might ensue if it re-numbered the claims.

Claim Ten: The amendment of the indictment at trial to add a third kidnapping for robbery charge violated his Sixth Amendment right to be notified of the nature and the cause of the accusation against him.

The court has compared the petition for review and the petition for writ of habeas corpus filed in the California Supreme Court with White's federal habeas petition to determine whether all the claims in the latter were included in the former. White presented Claim Three, Claim Four, and Claim Seven in the petition for writ of habeas corpus to the California Supreme Court, and presented Claim Nine in the petition for review to the California Supreme Court. Those four claims are exhausted. White did not present to the California Supreme Court his Claim One,[2] Claim Five, or Claim Ten. Those three claims are unexhausted.

White argues that the exhaustion requirement does not apply when state remedies are unavailable or inadequate. Although true in theory, *see* 28 U.S.C. § 2254(b)(1)(B)(I)-(ii), this principle has no application to this case. White comes nowhere near to showing that state remedies are unavailable or inadequate in his case. *See Edelbacher v. Calderon*, 160 F.3d 582, 585 (9th Cir. 1998) (requiring "extremely unusual circumstances"); *Phillips v. Vasquez*, 56 F.3d 1030, 1037-38 (9th Cir. 1995) (prisoner's interest in reasonably prompt review of conviction outweighed jurisprudential concerns of exhaustion and abstention for prisoner whose conviction of murder had been final for ten years but whose sentence of death was still under appellate review in state court). A petitioner's failure to present the claims to the state's highest court does not show that the state remedies are unavailable or inadequate. The exhaustion requirement is not excused here.

White's federal petition contains both exhausted and unexhausted claims and therefore is a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). The court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.*

---

[2]The *Miranda*-related claim White presented to the California Supreme Court in his petition for writ of habeas corpus was that he did not receive *Miranda* rights before the DNA sample was taken. That did not exhaust his claim that he was questioned without first having been advised of his *Miranda* rights.

28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

Due to a critical one-year statute of limitations on the filing of federal habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), *see* 28 U.S.C. § 2244(d), the court is reluctant to dismiss the mixed petition (and possibly cause a later-filed petition to be time-barred) without giving White the opportunity to elect whether to proceed with just his exhausted claims, or to try to exhaust the unexhausted claims before having this court consider all his claims. Accordingly, instead of an outright dismissal of the action, the court will allow White to choose whether he wants to –

  (1) dismiss the unexhausted claims and go forward in this action with only the exhausted claims, or

  (2) dismiss this action and return to state court to exhaust all claims before filing a new federal petition presenting all of his claims, or

  (3) file a motion for a stay of these proceedings while he exhausts his unexhausted claims in the California Supreme Court.

White is cautioned that the options have risks which he should take into account in deciding which option to choose. If he chooses option (1) and goes forward with only his exhausted claims, he may face dismissal of any later-filed petition. *See* 28 U.S.C. § 2244(b). If he chooses option (2), dismissing this action and returning to state court to exhaust all claims before filing a new federal petition, his new federal petition might be rejected as time-barred. *See* 28 U.S.C. § 2244(d). If he chooses option (3), he must file a motion in this court to obtain a stay and (if the motion is granted) then must act diligently to file in the California Supreme Court, to obtain a decision from the California Supreme Court on his unexhausted claim, and to return to this court. And under option (3), this action stalls: this court will do nothing further to resolve the case while petitioner is diligently seeking relief in state court. (Alternatively, a petitioner could try to employ the amendment/stay procedure discussed in *King v. Ryan*, 564 F.3d 1133, 1135-36 (9th Cir. 2009) (citing *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003)), but that would appear to create statute of limitations problems here.)

In *Rhines*, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed habeas petitions. The Court cautioned district courts against being too liberal in allowing a stay because a stay works against several of the purposes of the AEDPA in that it "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any stay must be limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be 30 days to get to state court, as long as reasonably necessary in state court, and 30 days to get back to federal court after the final rejection of the claims by the state court. *See id.* at 278; *Kelly v. Small*, 315 F.3d at 1071.

B.  Petitioner's Motions

Petitioner has filed numerous documents that he has captioned as motions of various sorts, although many of them are not motions in that they ask for no relief or action from the court.

Petitioner's "void motion to dismiss petition for non-exhaustion due to error" dated June 29, 2011(Docket # 22) is DENIED because the court does not understand it.

Petitioner's "motion to dismiss petition for non-exhaustion" dated June 27, 2011 (docket # 23), "ex parte motion" dated July 4, 2011 (docket # 24), "ex parte motion on the order on initial review" dated July 10, 2011 (docket # 25), "ex parte motion on the order on initial review" dated July 19, 2011 (docket # 27), "ex parte motion on the order on initial review" dated July 20, 2011 (docket # 28), and "ex parte motion on the order on initial review" dated July 31, 2011 (docket # 29) are DISMISSED because they request no relief or action from the court.

Petitioner's "ex parte motion to amend ex parte motion" dated August 5, 2011 (docket # 30) is DENIED as unnecessary. To the extent he made incorrect legal arguments in the earlier

5

filings, there was no need for him to amend the earlier filings to "withdraw the term." *Id.*

Although these many "motions" have been denied, the court has considered the arguments therein in connection with ruling on respondent's motion to dismiss the petition as partially unexhausted.

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 26.)

Petitioner must file no later than **December 2, 2011**, a notice in which he states whether he elects to (1) dismiss the unexhausted claims and go forward in this action with only the remaining claims, or (2) dismiss this action and return to state court to exhaust all of his claims before returning to federal court to present all of his claims in a new petition, or (3) moves for a stay of these proceedings while he exhausts his state court remedies for the unexhausted claims. If he chooses Option (1) or Option (2), his filing need not be a long document; it is sufficient if he files a one-page document entitled "Election By Petitioner" and states simply: "Petitioner elects to proceed under option ___ provided in the court's Order On Initial Review." Petitioner would have to insert a number in place of the blank space to indicate which of the first two options he chooses. If he chooses Option (3), no later than **December 2, 2011**, petitioner must file a motion for a stay in which he explains why he failed to exhaust his unexhausted claim in state court before presenting them to this court, that his claims are not meritless, and that he is not intentionally delaying resolution of his constitutional claims. If petitioner does not choose one of the three options by the deadline, the court will dismiss the unexhausted claims.

IT IS SO ORDERED.

DATED: October 28, 2011

_____
SUSAN ILLSTON
United States District Judge

6