# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

LARRY LIONEL WHITE,

    Petitioner,

    v.

B. M. CASH, warden,

    Respondent.

                              /

No. C 10-4555 SI (pr)

**ORDER DISMISSING UNEXHAUSTED CLAIMS AND SETTING BRIEFING SCHEDULE ON REMAINING CLAIMS**

Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2008 conviction in San Francisco County Superior Court on several counts of kidnapping and rape for which he was sentenced to 50 years to life in prison. Eventually, he filed a third amended petition that stated several cognizable claims. Respondent moved to dismiss on the ground that state court remedies were not been exhausted for some of the claims in the third amended petition. The court found that state court remedies were not exhausted for three claims and required petitioner to choose how to deal with this problem. Petitioner then chose to dismiss the unexhausted claims and proceed with only the remaining claims. Accordingly,

    1.    Claim One, Claim Five and Claim Ten are dismissed because state court remedies were not exhausted for those claims. The court earlier had dismissed part of Claim One, as well as Claim Two, Claim, Six, and Claim Eight.[1]

---

[1] The court uses the same claim numbering system used in the Order On Initial Review to avoid the confusion that might ensue if it re-numbered the claims.

2. The claims remaining for adjudication are the following claims:

- Claim Three and Claim Seven: White's right to be free from ex post facto laws was violated because he was prosecuted for offenses after the original limitations period for such prosecution expired.
- Claim Four: White was denied due process by the prosecutor's misconduct.
- Claim Nine: White's right to due process was violated because the evidence was insufficient to support the kidnapping convictions in count 3 and 5.

3. Respondent must file and serve upon petitioner, on or before **June 29, 2012**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **August 3, 2012**.

IT IS SO ORDERED.

DATED: April 6, 2012

_____
SUSAN ILLSTON
United States District Judge